UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALTON GIPSON                                                                            PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 2:04CV213-KS-RHW

ROBERT MINGO, et al                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' [26] Motion for Summary Judgment.  Plaintiff, who is incarcerated at Marion-Walthall Correctional Facility (MWCF), filed this complaint pursuant to 42 U.S.C. § 1983 alleging excessive force, deliberate indifference to a serious medical condition, and violations of the Americans with Disabilities Act (ADA) by officials and employees of MWCF.  Plaintiff has not filed a response to the Motion for Summary Judgment.  Based on the findings and conclusions in this memorandum opinion and order, United States Magistrate Judge Robert H. Walker will schedule a screening hearing for April 20, 2006.  The Court has reviewed the pleadings and exhibits and finds as follows:

## FACTUAL BACKGROUND

Plaintiff brought this cause against Defendants Derrick Mingo, Alando Sellers, Rocky Williamson, and Carolyn Finley.  Plaintiff named Richard Stringer as a Defendant in his original complaint, but Stringer has been dismissed by order of the Court.

In his complaint, Plaintiff alleges that on June 2, 2004, he was lying in his bunk asleep when Defendant Sellers shook him very hard, grabbed him around the neck, and pulled him out of bed.  Sellers, along with Defendants Williamson and Mingo, pulled Plaintiff to the floor causing Plaintiff to hit his head.  Defendant Williamson then placed his knee in Plaintiff's back while Sellers pushed Plaintiff's face to the floor.  The Defendants placed Plaintiff in handcuffs

and picked him up off of the floor while shouting at him.  After bringing Plaintiff to a standing position, he fell to the ground because he could not stand on his own as a result of a pre-exiting lower back condition.  Following this incident, Plaintiff made several sick call requests based on the fact that his head continued to hurt him on a daily basis.

Plaintiff further alleges that he has been denied doctor visits and medication since being incarcerated.  He also claims that he is a "paraplegic" and that the prison is not in compliance with the ADA. In his complaint, Plaintiff admits that he has not exhausted available administrative remedies with respect to his claims.

## LAW AND ANALYSIS

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

### 1.  Excessive Force

To establish a claim of excessive force, Plaintiff must show (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive to the need, and (3) the excessiveness of which was objectively unreasonable. *Fontenot v. Cormier*, 56 F.3d 669, 674 (5th Cir. 1995).

With respect to his claim of excessive force, Defendants argue that Plaintiff failed to allege an injury or causation. In his complaint, however, Plaintiff states that his head continued to hurt him "daily" following the incident. He also alleged that he hit his head on the floor during the alleged incident of excessive force. Based on Plaintiff's allegation of pain resulting from the incident, the Court is of the opinion that the Motion for Summary Judgment should be denied at this time pending further exploration at the screening hearing set for April 20, 2006.

### 2.  ADA

The Court also finds that Plaintiff's ADA claim should be permitted to proceed at this

time. Defendants argue that Plaintiff has not established that he is "disabled" for purposes of the ADA. Defendants presented evidence that Plaintiff is not a paraplegic; however, they have not necessarily demonstrated that Plaintiff is not "disabled" as that term is defined by the ADA. Plaintiff alleged in his complaint that he is unable to stand or walk without assistance of crutches. Thus, although there is no genuine issue of material fact about whether Plaintiff is paraplegic, that does not resolve the question of whether he is still disabled under the ADA. Defendants have failed to demonstrate an absence of a genuine issue of material fact as to this claim. Again, Defendants' Motion for Summary Judgment is denied as to this claim pending further exploration at the April 20, 2006 screening hearing.

### 3. Denial of Medical Care

Plaintiff alleges denial of adequate medical care for his back condition and for injuries resulting from the June 2, 2004 incident. To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

Plaintiff's allegations of inadequate medical care are very general. He merely states that he did not receive the medical attention he feels that his back condition deserves, and that he did

not receive medical attention for head injuries sustained during the June 2, 2004 incident despite numerous sick call requests. The only specific allegation he gives is that Nurse Finley refused to give him proper medication. Plaintiff said he attempted to give her a list of medications he was taking but that Nurse Finley has "taken it upon herself to give me one pain pill 3 times a day." He also alleges that Nurse Finley will not give Plaintiff a doctor's appointment. The Defendants have presented medical records indicating that Plaintiff received medical attention for his back condition, including pain medication and treatment by a neurologist. The records do not reveal; however, the extent or frequency of treatment. Nor do the records make any mention of Plaintiff's complaints of pain or injury following the June 2, 2004 incident. The Court finds that the record is inadequate at this time to rule on Defendant's Motion for Summary Judgment.

## CONCLUSION

Magistrate Judge Robert H. Walker, who has been assigned to this case for all pre-trial matters, will conduct a screening hearing on April 20, 2006, to examine further the issues raised in Plaintiff's complaint. In the meantime, Defendants' Motion for Summary Judgment is DENIED pending the screening hearing and further consideration of Plaintiff's complaint and the issues raised in Defendants' Motion for Summary Judgment.

SO ORDERED, this the 31st day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE
