IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES ALTON GIPSON**                                                                    **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO. 2:04cv213-MTP**

**ROBERT MINGO,** *et al.*                                                     **DEFENDANTS**

## SUPPLEMENTAL ORDER REGARDING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

The court has considered the appellant's motion for leave to proceed in forma pauperis on appeal [95] [98], the certified trust fund account statement or institutional equivalent [98], and all consents and other documents required by the agency having custody of the appellant to withdraw funds from the account.

The motion for leave to proceed in forma pauperis on appeal [95] pursuant to 28 U.S.C. § 1915 is **DENIED** for the following reason:

> Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the court certifies that the appeal is not taken in good faith for the reasons stated in this court's Final Order of Dismissal [92] dismissing plaintiff's claims with prejudice, consistent with the court's opinion, findings and conclusions of law as stated in the record at trial. Plaintiff's complaint and appeal fail to present a "good faith" non-frivolous issue for appeal as required by 28 U.S.C. § 1915(a)(3) to proceed in forma pauperis.

Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to Baugh v. Taylor, 117 F.3d 197 (5th Cir. 1997), **by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order**. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on

appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

If the appellant files a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, James Alton Gipson will be assessed an initial partial appeal fee of $3.57. This initial partial appeal fee is derived from the "Financial Authorization" [98] filed as an attachment to his motion to proceed on appeal in forma pauperis [95]. At the time he files a separate motion to proceed IFP on appeal, the agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, the prisoner shall pay the balance of the appeal fee, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court, 701 N. Main Street, Suite 200, Hattiesburg, Mississippi 39401.

If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office, Tammy Robertson, MDOC Inmate Banking Dept., SMCI, P.O. Box 1419, Leakesville, Mississippi 39451, or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on

behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

    SO ORDERED, this the 25th day of February, 2008.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge